IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHANNON NEAL,     :
         :  C.A. No. K17A-02-005 WLW
    Appellant,  :
         :
  v.       :
         :
KIDZ INK VI INC. and   :
UNEMPLOYMENT INSURANCE :
APPEAL BOARD,    :
         :
    Appellee.   :

Submitted: July 6, 2017
Decided: October 6, 2017

**ORDER**

Upon an Appeal from the Decision of the
Unemployment Insurance Appeal Board.
*Affirmed.*

Shannon Neal, *pro se*

Carla A. K. Jarosz, Esquire of the Department of Justice, Wilmington, Delaware;
attorney for the UIAB.

WITHAM, R.J.

Appellant/Claimant Shannon Neal (hereinafter "Ms. Neal") has appealed a decision of the Unemployment Insurance Appeals Board (hereinafter the "UIAB" or the "Board"), which determined that Ms. Neal's employer, Kidz Ink VI Inc., (hereinafter "Employer") had just cause to terminate Ms. Neal, and therefore is disqualified from receiving unemployment benefits. The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

This matter stems from the termination of Ms. Neal by Employer on September 26, 2016, purportedly on the basis that Ms. Neal violated company policy by enrolling her children at the facility and failing to pay tuition, and also by directing a new employee to add fraudulent information to official tuition documents. Ms. Neal went to the Claims Deputy to seek unemployment benefits, arguing that she was terminated without just cause. Ms. Neal claims that in the past, as a benefit of her employment with Employer, she was provided with free childcare at Employer's facility. She claims this policy was later changed without her knowledge, and that she was unaware of her new obligation to pay for the childcare services. Ms. Neal asserts that Employer became upset that she had failed to pay for the childcare services in a timely fashion and terminated her. The Claims Deputy initially determined that Employer did not have just cause to terminate Ms. Neal.

Employer appealed, and after a hearing before an Appeals Referee, the Claims Deputy's decision was affirmed. Employer again appealed to the UIAB, and a hearing was scheduled for January 11, 2017. Ms. Neal failed to appear at the UIAB hearing. Testimony was presented by current employees of Employer, alleging that Ms. Neal

attended a meeting where the policy change regarding payment for childcare services was discussed. Finding that Ms. Neal knew of her obligation under company policy to pay for childcare services, the UIAB reversed the decision of the Referee, and Ms. Neal was disqualified from receiving unemployment benefits. Ms. Neal timely appeals to this Court.

In her opening brief, Ms. Neal argues that the UIAB was mistaken in determining that Employer had just cause to terminate her. She also argues that the UIAB wrongly relied on hearsay and untruthful testimony in reaching its determination.

In the UIAB's letter response to Ms. Neal's appeal, no position is taken regarding whether the Board erred in determining whether Employer had just cause to terminate Ms. Neal. However, the UIAB does assert that it has discretion to admit and consider hearsay evidence, as well as discretion to determine the weight given to evidence and the credibility of witnesses.

An appeal from an administrative board's final order to this Court is confined to a determination of whether the UIAB's decision is supported by substantial evidence and is free from legal error. In its review, this Court does not weigh the evidence, determine questions of credibility, or make its own factual findings. Rather, this Court need only determine whether the evidence is legally adequate to support the agency's factual findings. The party that attacks the Board's decision as unreasonable and capricious bears the burden of proof.

An employee terminated for just cause is ineligible to receive unemployment

benefits. An employer may terminate an employee with just cause for willful violations of company policy. This Court's just cause analysis proceeds in two steps: "1) whether a policy existed, and if so, what conduct was prohibited, and 2) whether the employee was apprised of the policy, and if so, how was he made aware."

An employee may also be terminated with just cause "[w]hen an employer, because of an employee's wrongful conduct, can no longer place the necessary faith and trust in an employee . . . . This is especially true where the employee has a responsible position where faith and trust are required."

Here, there is substantial evidence to support the Board's conclusion. The first step of the analysis is evident: the parties are in agreement that the policy regarding payment for childcare services was changed, and that the new policy required payment for childcare services rendered. Conversely, nonpayment for the services was prohibited. The parties disagree as to when Ms. Neal was made aware of this policy change. At the hearing, testimony was heard from two witnesses that an email was sent to all directors, including Ms. Neal, apprising them of the new policy. The two witnesses also testified that Ms. Neal was notified of the policy change at a meeting in May of 2016. While Ms. Neal objects that the testimony was hearsay or otherwise untrustworthy, the Court need not address these arguments, as the UIAB had discretion to hear the evidence and give it weight, nonetheless.

Upon crediting the testimony that Ms. Neal knew of the policy change and yet did not pay for the childcare services she was receiving, the Board had sufficient evidence to find a willful violation of Employer's policies. Further, the Board heard

evidence that Ms. Neal's position required Employer to entrust her with finances for the facility. This in combination with the Board's finding of a willful violation of company policy, provided substantial evidence for the UIAB to conclude that Employer reasonably lost faith in Ms. Neal to perform her duties, and had just cause to terminate her.

WHEREFORE, for the reasons cited herein, Ms. Neal's appeal is DENIED. The decision of the Unemployment Insurance Appeals Board is accordingly AFFIRMED.

IT IS SO ORDERED.


/s/ William L. Witham, Jr.
Resident Judge


WLW/dmh